**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 01-4823

DON ANTHONY GUERRA,
                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.

ASHBERTH SHERRAN GUERRA, a/k/a          No. 01-4849
Trinny,

                    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 01-4850

RUTHVEN YOUNG, a/k/a Ra Ra,
                    *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-92-445)

Submitted: June 4, 2002

Decided: June 18, 2002

Before WIDENER, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William N. Nettles, Kathrine H. Hudgins, Columbia, South Carolina; John W. Locklair, III, Murrells Inlet, South Carolina, for Appellants. Bruce Howe Hendricks, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellants Ruthven Young, Don Guerra, and Ashberth Guerra appeal their sentences imposed by the district court on resentencing following the partial grant of relief pursuant to Appellants' motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001), claiming their sentences violate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Appellants noted timely appeals and their counsel have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but raising *Apprendi* claims. Appellants were informed of their right to file a pro se supplemental brief and have not done so.

Appellants were all convicted of multiple charges for conspiracy and substantive drug offenses in violation of 21 U.S.C.A. §§ 841 and 846 (West Supp. 2001). Young was sentenced to 235 months imprisonment, Ashberth Guerra was sentenced to 324 months imprison-

ment, and Don Guerra was sentenced to 360 months imprisonment. Young's guideline range was 235 to 292 months, Ashberth Guerra's guideline range was 324 to 405 months imprisonment, and Don Guerra's guideline range was 360 months of imprisonment to life.

Assuming, without deciding, that Appellants may assert *Apprendi* errors under the procedural posture of this case, we find no reversible error on resentencing. Appellant Young's sentence did not exceed the applicable statutory maximum. *See United States v. Promise*, 255 F.3d 150, 154-55 (4th Cir. 2001) (en banc). Moreover, the district court was obliged, under the Guidelines, to impose consecutive sentences on Don and Ashberth Guerra for their multiple convictions to the extent necessary to achieve a sentence within the guideline range. *United States v. White*, 238 F.3d 537, 542-43 (4th Cir.), *cert. denied*, ___ U.S. ___, 121 S.Ct. 2235 (2001). Hence, *Apprendi* does not affect Appellants' sentences.

In accordance with *Anders*, we have reviewed the record and find no meritorious issues. Accordingly, we affirm the district court's judgment. This court requires that counsel inform their clients, in writing, of the clients' right to petition the Supreme Court of the United States for further review. If the clients request that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the clients. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*